In re **SILVER FALLS PETROLEUM CORPORATION,** Debtor.

In re **WESTERN INTERNATIONAL EXPLORATION CORPORATION,** Debtor.

**Bankruptcy Nos. 1–84–01119, 1–84–01120.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 12, 1985.

Mitchell B. Goldberg, Ann E. Gerwin, Strauss, Troy & Ruehlmann Co., L.P.A., Cincinnati, Ohio, for the objectors Alikonis and Linz.

Arthur J. Schuh, Schuh & Goldberg, Cincinnati, Ohio, for debtor.

DECISION ON OBJECTIONS TO CONFIRMATION—ALIKONIS

BURTON PERLMAN, Bankruptcy Judge.

In these Chapter 11 cases, a single plan for reorganization of the two debtors was presented. We will refer to the debtors hereafter, respectively, as "Silver Falls" and "Western". Prior thereto, in accordance with the notice issued by the court, objections were filed jointly by James J. Alikonis and Vincent A. Linz (hereafter "Alikonis"). (We note that ultimately a proof of claim in the name of Alikonis alone was filed).

It is important to observe that the status of the case at the confirmation hearing was that, pursuant to 11 U.S.C. § 1126(d), in all classes where votes were recorded, the plan had been accepted by at least two-thirds in amount and one-half in number of the claims for that class. (In some classes no votes were cast by creditors).

In the Alikonis objection, it is stated that the objectors were not identified as creditors in these proceedings and were not initially provided notice thereof until an amendment filed on or about July 11, 1985. They assert prejudice in various respects and seek the undoing of certain events which occurred in the course of the Chapter 11 case. Further, objectors demand that the proposed joint plan not be confirmed at this time so that they may be given sufficient time "to review and analyze these proceedings relative to their interests." We decline to grant any further time for such review because these objectors learned of the case in July, 1985 and the ultimate hearing on confirmation was on October 16, 1985. This time was more than adequate for them fully to explore their position and resort to the court for relief from any inequitable treatment, without derailing the confirmation process. Accordingly, we will deal with their present objections only to the extent that they properly bear upon the question of confirmation of the plan. The propriety of substantive consolidation of the two debtors as proposed for the first time in the plan we find to be such a question.

Debtors raised a preliminary question regarding the Alikonis objections at the hearing. Debtors seem to be questioning the standing of Alikonis to object to confirmation of the plan. Debtors asserted that these objectors had not filed proofs of claim in the case and, therefore, it was not possible to ascertain the nature of the interest that they were asserting, except to

the extent that this was shown by the general language appearing in the written objections. In that language, it is stated that there had been (a) improper and unauthorized disbursements of partnership revenues and other breaches of the terms of the relevant partnership agreements; and (b) violations of securities laws, together with ancillary claims common to such assertions. Subsequent to the hearing on confirmation, a proof of claim was filed on behalf of objector James J. Alikonis only. No amount is stated in the proof of claim, but reference is made to an attachment which appears to be taken from a pleading in some unidentified litigation, in which are being asserted the claims generally characterized in the written Alikonis objections. We hold that by filing his proof of claim, Alikonis has established his standing to object to confirmation of the plan. See, 11 U.S.C. § 502(a) and 11 U.S.C. § 101(4).

Returning then to the objection of Alikonis to the substantive consolidation of the two debtors which is proposed in the plan, it is the position of Alikonis that he, as a creditor of Silver Falls, will be prejudiced by the consolidation of the two debtors. The single disclosure statement filed remarks that the plan consolidates the assets and liabilities of Silver Falls and Western. It is clear from this that it is a substantive consolidation which is proposed in the plan. No pre-plan motion to consolidate was filed.

While there are numerous decided cases dealing with the subject of substantive consolidation, to some of which we will hereafter refer, there appears to be a somewhat novel question in the present case. This is because the question of propriety of substantive consolidation arises on an objection to confirmation of a plan of reorganization in which plan, for the first time in the case, substantive consolidation is proposed. Particularly, because of the posture in which this question is presented to us, we must first deal with the procedural aspects of the matter.

We deal here with an objection to confirmation. Normally, the objector must bear the burden of establishing the validity of his objection or the objection fails. On the other hand, as is clear from the reported cases, the question of substantive consolidation is to be decided by the court, and the one proposing substantive consolidation must justify it to the court and persuade the court that such a measure is proper in the given case. It has been said:

> In a matter as pregnant with consequence to all concerned as is substantive consolidation and alert to the frequent reminders that the grant is to be given only a proper showing of the criteria the courts have engrafted on the power, the court is to scrutinize the evidence offered. The evidence in support should satisfy the court and should be more than a pro forma exercise. This is particularly so here where a creditor claims he would be prejudiced by the favorable exercise of this court's power to achieve what the debtor seeks. *In re Commercial Envelope Mfg. Co., Inc.,* 14 C.B.C. 191, 193 (Bankr.S.D.N.Y.1977).

Further, the court in *Commercial Envelope* said:

> As noted earlier, the Bankruptcy Court has jurisdiction to consolidate proceedings and to merge the assets and the liabilities of the debtors. [Citations omitted]. This jurisdiction is based on considerations of equity, one of the touchstones of that jurisdiction, *Bank of Marin v. England,* 385 U.S. 99 [87 S.Ct. 274, 17 L.Ed.2d 197] (1966), and on the broad statutory grant of Section 2a(15) of the Act [cf. 11 U.S.C. § 105(a) of the Bankruptcy Code], to enter such appropriate orders in addition to those specifically provided for by statute, as might be necessary to enforce the provisions of the Bankruptcy Act.
>
> . When balancing the equities of each individual case when consolidation is sought, the court must be mindful that:
>
> * * * While the term has a disarmingly innocent sound, consolidation in bankruptcy ... is no mere instrument

<blockquote>

of procedural convenience ... but a measure vitally affecting ˙substantive rights.

*In the Matter of Flora Mir Candy Corporation,* 432 F.2d 1060, 1062 (2nd Cir. 1970). \* \* \*
</blockquote>

*Id.* at 194, 195. See also, "Multi-Debtor Petition-Consolidation of Debtors and Due Process of Law", 73 Commercial Law Journal, 341, 341–2 (1968).

■ It is our conclusion upon balancing the countervailing considerations indicated above, that it is the burden of the debtors to justify substantive consolidation, notwithstanding that the question arises upon an objection to confirmation. The kinds of matters as to which an evidentiary record is obligatory appear from *In re N.S. Garrott & Sons,* 48 B.R. 13, 18 (Bankr.E.D. Ark.1984):

<blockquote>

The factors consistently considered by the courts in deciding whether substantive consolidation is appropriate include:

A. Necessity of consolidation due to inter-relationship among debtors;

B. Whether the benefits of consolidation outweigh the harm to creditors; and

C. Prejudice that will result from lack of consolidation.

Furthermore, the burden of proof for those seeking consolidation is substantial. \* \* \*
</blockquote>

■ No evidence whatever was offered by debtors relating to any of these factors at the hearing. The testimony of the single witness called by debtors dealt entirely with liquidation values. While there was reference in the disclosure statement (at p. 10) to possible cross-claims of creditors of each of the debtors against the other debtor, no evidence to support this assertion was offered. It follows from the foregoing, our assignment of the burden of proof, and the state of the record before us, that the objection to confirmation of the present plan in which, for the first time in the case, substantive consolidation is proposed, must be sustained.